MRS. TU'UGA KI, Petitioner,
v.
THE IMMIGRATION BOARD, AMERICAN SAMOA GOVERNMENT, Respondent.

High Court of American Samoa
Appellate Division

AP No. 04-82

June 2, 1983

Before GARDNER, Chief Justice, presiding, MURPHY, Associate Justice, TAUANUU, Associate Judge, and FAOA, Associate Judge.

PER CURIAM.

FACTS

Petitioner, Mrs. Tu'uga Ki was born in American Samoa. Presumably she is either a U.S. National or a U.S. Citizen. Her husband is Korean. She

operates a variety store in Atu'u. Its customers are mainly Korean or Chinese fishermen. It is necessary that she employ a clerk who speaks Korean as she does not and her husband is engaged in other enterprises.

Hyun Lee is a Korean Citizen who came to American Samoa to work for Korea Marine Industry Development Corporation. In 1980 Mrs. Ki hired Mr. Lee to work in her store. She filed a request to sponsor Mr. Lee with the Immigration Board. The board granted the request and Mr. Lee was given a one year permit to remain in the Territory. She later again applied to the board and a second one year permit was issued which contained a provision that no further permits would be granted after 1982. In December 1981 Mr. Lee married a Korean citizen. She came into the territory on a tourist permit for 30 days, sponsored by Mrs. Ki. Mrs. Ki then filed petitions to sponsor Mr. & Mrs. Lee. The Immigration Board denied both petitions. The matter is before the appellate division for review of that decision.

Testimony before the Court showed that (1) Mr. & Mrs. Lee are law abiding people and will not become a public charge (2) Mrs. Ki wants to sponsor Mr. & Mrs. Lee as well as other members of Mr. Ki's family (3) Mrs. Ki has advertised for Korean speaking clerks but only Mr. Lee applied.

## ISSUES

Did the Immigration Board abuse its discretion or otherwise violate the test set forth in ASCA section 41.0649 by failing to grant Mrs. Ki's petitions to sponsor Mr. & Mrs. Lee?

## DISCUSSION

At the outset it might be helpful to make some rather elementary observations: American Samoa is an unincorporated territory of the United States. Cession of Tutuila and Aunuu (April 17, 1900); Cession of Manu'a Islands (July 14, 1904); 48 USCA 1661. As such, only U.S. citizens and U.S. Nationals (i.e. American Samoans) are in the Territory as a matter of right. See ASCA section 41.0201 ("alien means all persons who are not nationals or citizens of the United States of American"). All others are aliens and are here by sufference of the U.S. ex rel the Secretary of the Interior or its designated progeny, the Government of American Samoa.

The Island of Tutuila has a total area of 56 square miles, much of which is jungle covered cliffs, rugged and uninhabitable (Coastal Zone Management Atlas of American Samoa (1981)). Water, power, housing, food and space are all limited. The environment is fragile and it is the responsibility of the Government to carefully protect it. To do so requires rules regarding aliens. As such, the Fono has passed legislation attempting to address these matters. (ASCA Title 41, Citizenship, Alienage, and Immigration.) This opinion will examine the rules to determine whether they accomplish their legitimate purpose.

Mrs. Ki seeks to sponsor Mr. & Mrs. Lee under ASCA section 41.0606. If she is not allowed to sponsor the Lees they will be excluded pursuant to ASCA section 41.0601(3). The Immigration Board has, apparently, denied Mrs. Ki's sponsorship and issued an oxymoronic "Order allowing Voluntary Departure." In passing the court again notes that the form is not helpful. It is confusing and its use is disapproved.

There appears no reason why Mrs. Ki cannot act as a sponsor under ASCA section 41.0606. Further, section 606 sets no limits or quotas and a resident is therefore entitled to sponsor as many aliens qualifying under ASCA section 41.0601 as he pleases, so long as they are not agricultural or domestic workers. The statute obviously benefits the canneries, but is a potential disaster to American Samoa. If the Fono wishes to enact a statute

restricting the number of aliens that a resident may sponsor it may do so. Until it has, the Immigration board may not say "its alright for resident A to sponsor 50 aliens, but resident B cannot sponsor anyone." Clear guidelines must be established so that the legitimate purpose of the Immigration act, i.e. limiting aliens in the territory, may be carried out on an evenhanded basis, affording due process to all and affording all so entitled an equal right to sponsorship.

Presumably, the Board's tenuous section 606 decision was an indirect attempt to avoid consideration of the petition under section 601. That section, however, sets forth the statutory test for the admission or exclusion of all aliens, and the Immigration Board is bound by its terms. ASCA section 41.0601 authorizes the board to exclude an alien unless he establishes that:

1. he is of good moral character (there is no showing that the Lees fail this test; to the contrary, Mrs. Ki testified they were of good moral character),

2. he offers a skill or expertise not readily available in American Samoa (Mrs. Ki testified that she needed Mr. Lee's services in her business and that no Samoan is available who possesses Mr. Lee's ability to speak Korean; no showing was made on behalf of Mrs. Lee.),

3. he has a local sponsor (there is no question but that Mrs. Ki wants to sponsor Mr. & Mrs. Lee), and

4. he will not become a financial burden (this is not the case here).

The thrust of ASCA section 41.0601 is readily apparent. The board must admit any person, regardless of nationality, who meets the four specified criteria. It has discretion to admit or exclude any other person who is not an American Samoan. The Fono may have intended to grant the board discretion to admit persons who are not American Samoans but who meet the designated requirements, and require exclusion of all other persons who are not American Samoans. However, the Court cannot interpret a statute in a manner clearly opposite to its plain meaning just because that is what the legislature probably intended.

Nevertheless, the statute has a fatal defect both in its present form and in the form which may have been intended. The Legislature simply cannot have admission or exclusion rest upon the whim of another branch of government. Delegation of legislative authority is proscribed by the separation of powers doctrine (See Tribe, American Constitutional Law sections 5-17.) It would, however, be permissable for the Fono to establish some general rules, as it has arguably done, so long as the administrative agency is required to and does promulgate specific, objective guidelines. Id. That has not occurred. Without such guidance, moreover, immigration determinations may constitute special legislation prohibited by 48 USCA 1471, regardless of whether the Fono or its delegate is making the decisions.

Since the statute in its present form improperly delegates excess discretion only where the applicant does not meet the specified criteria, it is only partially invalid. To the extent that the statute requires admission of any person who meets the criteria, it is valid. ASCA section 42.0601, until altered by the Fono, therefore operates to entitle any person within its terms to immigration status, and to deny all others except as provided by law.

Mr. Lee, who meets the enumerated criteria of ASCA section 41.0601, is entitled to remain in American Samoa. No evidence, however, was presented

on Mrs. Lee's behalf in regard to the second criterion. She is not therefore entitled to admission under section 601, but that does not end the inquiry.

ASCA section 41.0615 provides that an otherwise excludable alien may be issued permission to remain in American Samoa if his or her spouse is lawfully admitted for permanent residency and will otherwise suffer extreme hardship, so long as the permission will not endanger the safety or security of American Samoa. A person is entitled to apply for permanent resident status after residing in American Samoa for ten years (ASCA section 41.0603).

Mr. Lee is obviously not a permanent resident, and his wife cannot therefore avoid excusion under section 615. Although the statute is harsh, it is within the authority of the Fono to provide for the admission of an alien and the excusion of his wife.

For the reasons foregoing, the Immigration Board is ordered to allow sponsorship of Mr. Lee, but may exclude Mrs. Lee.